UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CROWN HOLDINGS, LLC,            )
                               )
                Plaintiff,     )
                               )
        vs.                    )        4:16-cv-00147-RLY-TAB
                               )
UNITED STATES POSTAL SERVICE,  )
                               )
                Defendant.     )

**ENTRY ON USPS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff, Crown Holdings, LLC, owns a building that it leased to Defendant, the United States Postal Service ("USPS"). Pursuant to the lease, USPS is required to pay Crown Holdings an agreed amount in monthly rent. According to Crown Holdings, USPS has not been paying the full amount. Rather, USPS has been deducting monies from the monthly rent in order to reimburse itself for repairs it made to the roof of the building in 2012, when the building was owned by a different entity.

Crown Holdings filed this action alleging four counts: (1) negligence, (2) negligent omission, (3) mutual mistake, and (4) declaratory judgment and estoppel. USPS now moves for either dismissal or summary judgment. The court holds that it lacks subject matter jurisdiction over this suit because it is governed by the Contract Disputes Act ("CDA"), 41 U.S.C. § 7101 *et seq.* Therefore, the court **GRANTS** USPS' motion and dismisses the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

1

**I. Background**

This case concerns real property located at 102 South Ferguson Street, Henryville, Indiana 47126. (Filing No. 1, Complaint ¶ 7). USPS leased the building located on the property from Waldrip Development of Indiana, LLC ("WDI") in order to operate a Post Office. (*Id.* ¶¶ 7, 9). In March 2012, a tornado damaged the building's roof. (*Id.* ¶ 12). After WDI failed to make the necessary repairs, USPS completed the repairs at its own expense in November 2012. (*Id.* ¶¶ 17-18.)

In February 2013, Crown Holdings purchased the building at a Sheriff's Sale and obtained a Sheriff's Deed. (*Id.* ¶ 19). On March 8, 2013, USPS sent a demand letter to WDI requesting $45,274.42 in reimbursement for the repairs it completed. (*Id.* ¶ 20). This letter was not sent to Crown Holdings. (*Id.*). USPS subsequently approached Crown Holdings in order to discuss a potential assignment of the USPS-WDI lease. (*Id.* ¶ 21). Crown Holdings had no obligation to agree to an assignment; it could have entered into a new lease with USPS. (*Id.* ¶ 45). Nevertheless, it agreed to an assignment of the USPS-WDI lease. (*Id.* ¶ 21). During this negotiation, USPS did not disclose the repair costs it incurred and did not disclose its intention to deduct those costs from future rent payments. (*Id.* ¶¶ 22, 25).

More than a year after the assignment, USPS began deducting the cost of the roof repairs from the rent it paid to Crown Holdings. (*Id.* ¶ 27). USPS made monthly deductions from the rent for the majority of 2014. (*Id.* ¶ 28). USPS would not have been able to deduct the cost of repairs from the rent if the parties had negotiated a new lease

agreement.  (*Id.* ¶ 47).  Crown Holdings would not have agreed to the assignment if USPS had disclosed its intention to deduct the cost of repairs.  (*Id.* ¶ 29).

## II. Legal Standard

USPS filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, or, in the alternative, for summary judgment.  The court proceeds only under Rule 12(b)(1).  "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case."  *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).  After a defendant alleges that jurisdiction is lacking, it is the plaintiff who "bears the burden of establishing that the jurisdictional requirements have been met."  *Id.* at 588-89.  For purposes of USPS' motion, the court accepts Crown Holdings' well-pleaded factual allegations as true and construes all reasonable inferences in its favor.  *Id.* at 588.

## III. Discussion

USPS presents several arguments in support of its motion, but its chief contention is that the court lacks subject matter jurisdiction because this suit is governed by the CDA.[1]  Initially, the court agrees with the premise.  If the CDA actually governs this

---

[1] USPS advanced this argument as its primary basis for dismissal, but Crown Holdings failed to meaningfully respond to it.  Its only opposition is a brief, two-sentence paragraph that is both conclusory and unsupported by any authority: "The claims asserted by Plaintiff against USPS in this matter sound purely in negligence.  Plaintiff has reserved its breach of contract claims for its Contract Disputes Action against USPS filed on August 31, 2016."  (Filing No. 9 at 1).  Oddly, USPS then retorts that it is not aware of any CDA action filed against it by Crown Holdings.  Regardless, the court finds that Crown Holdings has waived this issue *en toto* by effectively failing to respond to the argument.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").  Because a plaintiff bears the burden of

dispute, the court is without jurisdiction and must dismiss the Complaint. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (concluding that if "the claims in Evers's complaint in the district court 'related to' his contract with [the Social Security Administration]," then "the district court properly concluded that it lacked subject-matter jurisdiction because the Contract Disputes Act is 'precisely drawn' to preclude such claims from being entertained by federal district courts"). *Accord B&B Trucking, Inc. v. United States Postal Serv.*, 406 F.3d 766, 768 (6th Cir. 2005) (en banc) ("The CDA bars district court jurisdiction if the court determines that a plaintiff's claims against a government agency are essentially contractual in nature.") (quotation marks omitted). Thus, the narrow question before the court is whether Crown Holdings' suit falls within the purview of the CDA.

The CDA provides, "Each claim by a contractor[2] against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The contracting officer is then required to issue a written decision on the claim. 41 U.S.C. § 7103(d). That decision "is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency," unless the contractor timely pursues one of two options provided by the statute. 41 U.S.C. § 7103(g). Specifically, a contractor may either (1) appeal the decision to the agency's

---

demonstrating the existence of jurisdiction once it is challenged, this waiver is fatal. *Burwell*, 770 F.3d at 588-89. As a finding in the alternative, the court fully analyzes the issue.

[2] The term "contractor" is defined as "a party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7).

board of contract appeals, or (2) file a claim in the United States Court of Federal Claims. 41 U.S.C. § 7104(a-b).

The CDA "applies to any express or implied contract . . . made by an executive agency for," *inter alia*, "the procurement of property, other than real property in being." 41 U.S.C. § 7102(a)(1). According to the Federal Circuit, entering into a lease does not constitute "the procurement of . . . real property in being" because "[a] leasehold does not exist until a lease is entered into, and by entering into a lease the Government does not acquire a pre-existing interest in the land; it establishes a new one." *Forman v. United States*, 767 F.2d 875, 879 (Fed. Cir. 1985). *See CanPro Invs., Ltd. v. United States*, 120 Fed. Cl. 17, 21 (2015) (explaining that *Forman* "distinguish[ed] newly created leaseholds, which are subject to the CDA, from leaseholds held by another that the government acquires through eminent domain, which fall outside the CDA").

Crown Holdings does not dispute that the lease agreement between it and USPS constitutes an express contract made by an executive agency for the procurement of property. The question then is whether the claims in the Complaint *relate* to that contract. *See* 41 U.S.C. § 7103(a)(1). In order to answer this question, the court "examin[es] the facts alleged in the complaint to ascertain the source of [Crown Holdings'] rights and the forms of relief requested (or appropriate) to vindicate those rights." *Evers*, 536 F.3d at 658. Critically, "the characterization or labeling of claims by the pleader is not controlling." *Id.* A contractor "cannot escape the precisely drawn remedial framework outlined by the Contract Disputes Act merely by styling his

complaint as one for redress of constitutional torts and regulatory violations rather than as one for breach of contract--such a tactic, albeit crafty pleading, will not suffice." *Id.*

Here, the court has little trouble concluding that all of Crown Holdings' claims relate to its contract with USPS. Even a cursory review of the Complaint reveals that the source of each claim is the lease agreement. Specifically, Crown Holdings alleges: USPS was negligent in failing to disclose that it intended to deduct monies from the rent owed *pursuant to the lease* (Count 1 – negligence); USPS made a negligent omission in *negotiating the assignment of the USPS-WDI lease* (Count 2 – negligent omission); both parties made a mutual mistake in failing to address the roof repairs *in the assignment of the USPS-WDI lease* (Count 3 – mutual mistake); USPS should be estopped from deducting the cost of repairs from the rent owed *pursuant to the lease* (Count 4 – declaratory judgment and estoppel). Clever labeling of each count does not change the conclusion that this dispute has its genesis in the lease.

At bottom, Crown Holdings believes it has been wronged because USPS is not remitting the full rent payment agreed to by the parties in the lease. Crown Holdings admits as much in its Complaint. (*See* Complaint ¶ 60 ("There exists a real and present controversy between Plaintiff and USPS regarding the amount due under the lease agreement.")). This allegation supports the court's conclusion because, assuming Crown Holdings prevails on the merits, its remedy would be an award of the withheld rent. Calculating such an award would necessarily require review of the contract terms.

In light of these findings, the court holds that Crown Holdings can only resolve this dispute by following the procedures set forth in the CDA. *See Dalton v. Sherwood*

*Van Lines*, 50 F.3d 1014, 1017 (Fed. Cir. 1995) ("When the Contract Disputes Act

applies, it provides the exclusive mechanism for dispute resolution; the Contract Disputes

Act was not designed to serve as an alternative administrative remedy, available at the

contractor's option.").  This conclusion requires dismissal of the Complaint for lack of

subject matter jurisdiction.  *See Evers*, 536 F.3d at 657.

## IV. Conclusion

Therefore, USPS' Motion to Dismiss, or in the Alternative, for Summary

Judgment (Filing No. 7) is **GRANTED**.  Crown Holdings' Complaint is **DISMISSED**

for want of subject matter jurisdiction.


**SO ORDERED** this 9th day of December 2016.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Distributed Electronically to Registered Counsel of Record.